IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE GARNER, | § | |
| TDCJ-CID #606635, | § | |
| v. | § | C.A. NO. C-11-169 |
| | § | |
| CANDACE MOORE, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE**

This is a civil rights action filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court retain plaintiff's retaliation claims against Candace Moore, Officer Walden, Officer Fernandez, and Officer Martinez, and that service be ordered on these defendants. It is respectfully recommended further that plaintiff's remaining claims against the remaining defendants be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B) and §1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff Willie Garner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on May 23, 2011, alleging that defendants were conspiring to retaliate, and had in fact retaliated against him, for previously filing a lawsuit with this Court,[1] as well as for filing numerous grievances concerning his access to the law library. (D.E. 1). He

[1] In his previous lawsuit, Garner v. Morales, No. C-06-218 (S.D. Tex.), plaintiff challenged as unconstitutional, and in violation of other federal laws, certain prison policies that prohibited him from wearing a beard or a kufi. That case proceeded to a bench trial on his Religious Land Use and Institutionalized Persons Act claim, and by judgment entered May 19, 2011, plaintiff was granted injunctive relief to wear a quarter inch beard as a religious exercise, although his request to wear a kufi was denied. Id. at D.E. 153, 154.

named the following individuals as defendants: (1) Candace Moore, law librarian; (2) Officer Jesse Walden; (3) Officer Belinda J. Fernandez; (4) Officer Joe R. Martinez; (5) Warden Ernest Guterrez; (6) Warden Robert Crites; (7) Warden Norris Jackson; (8) Vickie Barrow, grievance specialist; and (9) J.M. Garcia, Assistant Director, Region IV.

A Spears[2] hearing was conducted on June 9, 2011. The following allegations were made in plaintiff's original complaint (D.E. 1), or at the hearing.

Beginning in July 2007, plaintiff encountered problems obtaining access to the law library and written legal materials, and he sought assistance from the Court in his then-pending lawsuit, Garner v. Morales. Ms. Moore, the McConnell Unit's law librarian, was ordered to submit copies of plaintiff's requests for legal materials and to address his complaints in a July 20, 2007 telephone conference. See Garner v. Morales, C-06-218 (S.D. Tex.) (D.E. 52). At the conclusion of the hearing, Ms. Moore indicated that plaintiff would receive the materials he had requested at that time.

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff alleges that, ever since that July 20, 2007 hearing, Ms. Moore and the officers that are assigned to work in the law library, Officer Walden, Officer Fernandez, and Officer Martinez, have retaliated against him.

For example, on April 30, 2009,[3] plaintiff signed out of the library to use the restroom, and when he returned, Officer Walden called him up to the desk and asked him for his prison identification card, which lists his name as "Willie Garner." Officer Walden told plaintiff that he would deny him law library sessions unless he used the name on his identification card when requesting library time. In addition, Officer Walden indicated that he would deny plaintiff legal sessions for not following the TDCJ-CID grooming policy.[4] Ms. Moore observed this exchange and told plaintiff that she would support whatever actions Officer Walden made. Plaintiff filed a grievance about the incident that same day, but Warden Jackson denied it. Mr. Garcia denied plaintiff's Step 2 grievance.

Thereafter, Ms. Moore and Officer Walden repeatedly denied plaintiff's requests to go to the law library. Between May 3 and May 23, 2009, he filed

---

[3] In general, a two-year statute of limitations applies to prisoner civil rights claims. <u>See</u> Tex. Civ. Prac. & Rem. Code 16.003(a). However, time during which administrative remedies are pursued tolls the limitation period. <u>Harris v. Hegmann</u>, 198 F.3d 153, 159 (5th Cir. 1999). For purposes of § 1915A screening, plaintiff's claims appear timely when allowing for exhaustion of administrative remedies.

[4] TDCJ-CID policy mandates that inmates be clean-shaven, but plaintiff, who is Muslim, wears a quarter inch beard, which was one of the issues in <u>Garner v. Morales</u>,.

eleven I-60s requesting to go to the law library, and all were denied. He filed three grievances during this time complaining about Ms. Moore and Officer Walden, but those grievances were never answered or returned.

Ms. Moore and Officer Walden continued to deny his I-60 requests to come to the law library. However, on June 26, 2009, he received a library lay-in for two hours, from 8:00 to 10:00 a.m. The entire time he was there, Ms. Moore, Officer Walden and Officer Martinez talked and pointed at him. When the session was over, Officer Walden told plaintiff to not send any more I-60s because (1) his grooming did not comply with TDCJ grooming policies; (2) he mis-spelled his name on the forms; and (3) he filed too many grievances, or threats to file suit. He said he would prevent plaintiff from being able to attend the law library. Plaintiff then attempted to talk to Ms. Moore who had been listening to the exchange along with Officer Martinez. She again informed him that she would not interfere with Officer Walden's decisions.

On July 5, 2009, plaintiff filed a Step 1 grievance complaining about the retaliatory conduct. Warden Jackson denied the grievance finding that plaintiff had not filled out his I-60s correctly. Plaintiff filed a Step 2 grievance, however, Ms. Barrow gave the matter only a cursory review and found that plaintiff was being

scheduled for law library sessions “in accordance with ATC-030,” and that no further action was warranted.

On July 2, 2009, plaintiff sent an I-60 to Ms. Moore asking that she schedule him for a “legal session.” Officer Walden responded to the I-60 denying it. Plaintiff filed a grievance against Ms. Moore and Officer Walden, but Warden Crites denied it, and his Step 2 grievance was never returned.

During August and September 2009, plaintiff had prolonged stays in lock-up. At that time, defendants retaliated against him by denying him xeroxed legal materials that he had requested.

On October 6 or October 7, 2009, plaintiff was transferred to medium custody. He then sent Ms. Moore two I-60s asking for library time. Defendants ignored these requests, and his Step 1 grievance concerning this matter was not answered.

On December 1, 2009, while plaintiff was on lock-down, he sent Officer Fernandez an I-60 requesting indigent supplies, including a writ envelope so he could mail a 21-page document to his attorney, and also requesting some xeroxed case law. She came to plaintiff’s pod to deliver legal materials to other inmates, but she did not bring plaintiff what he had requested, and she ignored him when he called out to her.

Throughout December 2009, defendants repeatedly ignored plaintiff when they delivered materials to his pod, failed to deliver him requested legal materials, and refused to provide him with the writ envelope. In fact, he did not get the requested envelope until January 12, 2010. Plaintiff filed grievances about not getting his materials, but Warden Crites denied the grievances because the law library had no record of I-60s that had been done correctly. Defendant Barrow denied plaintiff's Step 2 grievance.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## III. DISCUSSION

### A. The Legal Standard For Screening Inmate Civil Rights Actions.

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is

clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B. Plaintiff Asserts Several Retaliation Claims.**

Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. See Perry v. Sinderman, 408 U.S. 593, 597 (1972). Retaliation is actionable only if the retaliatory act "is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Bibbs v. Early, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). "A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995) (citation omitted). However, the Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." Adeleke v. Fleckenstein, 385 F. App'x 386, 387 (5th Cir. 2010) (per curiam) (unpublished) (citing Wood, 60 F.3d at 1166).

The Fifth Circuit has explained that "[t]he purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006) (citing Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)). However, some acts, even though they may be "motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." Id. "Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusionary allegations of retaliation will not withstand a summary judgment

challenge." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted). The Fifth Circuit has further explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may be plausibly inferred.'" Id. (citation omitted).

**1. Plaintiff's retaliation claims against the library official defendants are retained.**

Plaintiff exercised his First Amendment right to challenge the TDCJ-CID grooming policies when he filed Garner v. Morales. He claims that, thereafter, the law library personnel, Ms. Moore, Officer Walden, Officer Fernandez, and Officer Martinez, began retaliating against him by hindering his ability to access the library, to obtain xeroxed legal materials, or to receive indigent supplies.

The Fifth Circuit has not specifically defined "the quantum of injury necessary to constitute an 'adverse act' for purposes of a retaliation claim." Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). However, the frequency and length of the retaliatory action are to be considered. For example, in Hart, the Fifth Circuit found that 27 days of cell restriction and loss of commissary privileges was not *de minimis*. Id. at 764-65. However, in Morris, the Fifth Circuit concluded that a ten-day loss of commissary privileges as punishment for a disciplinary offense was no more than a *de minimis* adverse act. 449 F.3d at 686. The Fifth Circuit has found that the denial of two meals over an eight-month period is *de minimis* and cannot

support a claim of retaliation. Romero v. Lann, 305 F. App'x 242, 243 (5th Cir. 2008) (per curiam) (unpublished) (citing Morris, 449 F.3d at 684). Similarly, a single incident in which a prisoner is not allowed to eat is *de minimis*. Dickerson v. Johnson, 234 F.3d 29, 2000 WL 1568188, at *1 (5th Cir. Sept. 14, 2000) (per curiam) (unpublished). Denial of recreation on one occasion is a *de minimis* injury and does not constitute an "adverse retaliatory act," for purposes of stating a retaliation claim. Cf. Ford v. Jones, No. G-02-626, 2006 WL 3488954, at *2 (S.D. Tex. Dec. 1, 2006) (unpublished). However, in Andrade v. Hauck, 452 F.2d 1071, 1071-72 (5th Cir. 1971), the Fifth Circuit held that a prisoner who alleged his jailers restricted commissary privileges in retaliation for his exercising his First Amendment rights sufficiently stated a claim pursuant to
§ 1983.

In this case, plaintiff testified to repeated difficulties with the law library staff over the past two years, beginning after Ms. Moore was required to appear in Garner v. Morales and answer questions about the operations of the law library. He claims that defendants harassed him, denying his I-60 requests to attend the law library because he signed the forms as "Willi I. Free Gar'ner," even though he had used this name in the past with no difficulties. Officer Walden also denied plaintiff library sessions because he wore a beard. Plaintiff testified that, when he was on

lock-down and could not physically attend the law library, defendants purposely delayed delivery of requested case law, denied him indigent supplies, and often ignored him altogether when they were on the pod delivering materials to other inmates.

For purposes of § 1915A, plaintiff has sufficiently established adverse retaliatory acts that are not *de minimis*, and also the necessary causation that, but for his filing a lawsuit and grievances against the law library defendants, he would not have been subjected to the retaliatory action. Accordingly, it is respectfully recommended that the Court retain plaintiff's retaliation claims against Ms. Moore, Officer Walden, Officer Fernandez, and Officer Martinez, and that service be ordered on these individuals.

**2. Plaintiff's retaliation claims against the grievance investigation defendants are dismissed.**

Plaintiff claims that Warden Guterrez, Warden Jackson, Warden Crites, J.M. Garcia, and Ms. Barrow retaliated against him by failing to investigate properly his grievances complaining about the conduct of the law library defendant and simply accepting as correct the explanations offered by Ms. Moore and Officer Walden, to deny his grievances.

It is well settled that a prisoner has no constitutional right to have his grievances investigated in a certain manner, or for the investigating officers to

reach a different conclusion. See Beall v. Johnson, 54 F. App'x 796, 2002 WL 31845615, at *1 (5th Cir. Dec. 12, 2002) (per curiam) (unpublished) (prisoner's allegation that he has a constitutionally protected right to have his grievance investigated and resolved is without merit because resolution of the grievance does not involve a "significant hardship ... in relation to the ordinary incidents of prison life") (quoting Sandin v. Conner, 515 U.S. 472, 485-86 (1995)); see also Taylor v. Cockrell, 92 F. App'x 77, 78 (5th Cir. 2004) (per curiam) (unpublished) (citing Sandin).

Here, the underlying conduct complained of does not raise a constitutional claim. Specifically, plaintiff's characterization of this conduct as retaliatory is not supported by any facts. Taking plaintiff's allegations as true, that his grievances were not investigated thoroughly or the responses were unsatisfactory, he still fails to state a claim of retaliation against these defendants as he fails to establish that Warden Guterrez, Warden Crites, Warden Jackson, or either grievance appeal defendant had a ***motive*** to retaliate against him. Plaintiff did not file grievances against these defendants. Moreover, he offers no facts to suggest that these defendants denied his grievances because he was pursuing his administrative remedies. Plaintiff cannot establish that, but for the retaliatory motive, the conduct of these defendants would have been any different, and as such, he fails to state a

claim of retaliation against the grievance defendants. Accordingly, it is respectfully recommended that plaintiff's retaliation claims against these individuals be dismissed.

**C. Plaintiff's conspiracy claim is dismissed.**

Plaintiff suggested that the defendants conspired to retaliate against him. To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, a plaintiff must allege, "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States." Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994). Where all of the defendants are members of the same collective entity, however, the conspiracy does not involve two or more people. Id. at 653; Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998); see also Moody v. Jefferson Parish Sch. Bd., 803 F. Supp. 1158, 1166 (E.D. La. 1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), aff'd, 2 F.3d 604 (5th Cir. 1993); Chambliss v. Foote, 421 F. Supp. 12, 15 (E.D. La. 1976) ("the university and its officials are considered as constituting a single legal entity which

cannot conspire with itself"), aff'd, 562 F.2d 1015 (5th Cir. 1977). This claim fails because all of the defendants who allegedly participated in the conspiracy are employed by the TDCJ-CID. Government entities and their employees cannot conspire among themselves pursuant to 42 U.S.C. § 1985(3). See Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998). This is because a unit of government and its employees are deemed to constitute a single entity. Id.

Because the named defendants cannot conspire among themselves, plaintiff fails to state a claim upon which relief can be granted. Accordingly, it is respectfully recommended that his conspiracy claim be dismissed.

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that the Court retain plaintiff's retaliation claims against Ms. Moore, Officer Walden, Officer Fernandez, and Officer Martinez, and that service be ordered on these defendants. It is respectfully recommended further that plaintiff's retaliation claims against Warden Guterrez, Warden Jackson, Warden Crites, J.M. Garcia, and Vickie Barrow be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Finally, it is respectfully

recommended that plaintiff's conspiracy claim also be dismissed for failure to state a claim.

Respectfully submitted this 13th day of June 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).